**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                         Plaintiff,<br><br>          vs.<br><br>RETIREMENT SERVICES LLC,<br><br>                         Defendant. | Adversary Pro. No. 19-50931 (BLS) |

**ANSWER AND AFFIRMATIVE**
**DEFENSES OF DEFENDANT TO ADVERSARY**
**COMPLAINT FOR (I) AVOIDANCE AND RECOVERY OF**
**AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTRERED**
**SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD**

Defendant Retirement Services LLC (the "Defendant"), by and through its undersigned

counsel, hereby answers Plaintiff's Complaint and asserts its affirmative defenses. All

allegations not expressly admitted herein are denied.

---

[1] The Remaining Debtors and the last four digits of its respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

## NATURE OF THE ACTION

1.      Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

2.      Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

3.      Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

## JURISDICTION AND VENUE

4.      This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.  Defendant does not consent to entry of a final order of judgment by this Court.

5.      This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

## THE PARTIES

6.      Admitted

7.      Admitted

8.      Admitted

9.      Admitted

10.     Admitted

11.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied.

12.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 12 are denied.

2

13.     Admitted as to the fact that Defendant is a Florida limited liability company. Denied as to the remainder of allegations contained in paragraph 13 of the Complaint.

14.     Denied.

### FACTUAL BACKGROUND

15.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 15 are denied.

16.     Admitted that Defendant was not registered as a broker-dealer with the SEC or applicable state agencies.  The remainder of the paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 16 are denied**.**

17.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

18.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

19.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

20.     Admitted that the Defendant received certain transfers from one or more of the Debtors in the 90 days prior to the filing of the bankruptcy petitions**.**  Denied as to the remainder of allegations contained in paragraph 20 of the Complaint.

21.     Admitted that the Defendant received certain transfers from one or more of the Debtors in the two years prior to the filing of the bankruptcy petitions**.**  Denied as to the remainder of allegations contained in paragraph 21 of the Complaint.

22.     Admitted that the Defendant received certain transfers from one or more of the Debtors in the four years prior to the filing of the bankruptcy petitions.  Denied as to the remainder of allegations contained in paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

23.     Defendant incorporates its responses to the allegations in paragraphs 1- 22 of the complaint as if fully set forth herein.

24.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 24 are denied.

25.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 25 are denied.

26.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 26 are denied.

27.     Denied.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code

28.     Defendant incorporates its responses to the allegations in paragraphs 1- 28 of the complaint as if fully set forth herein.

29.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 29 are denied.

30.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 30 are denied.

31.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

32.    Denied.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

33.    Defendant incorporates its responses to the allegations in paragraphs 1- 33 of the complaint as if fully set forth herein.

34.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 34 are denied.

35.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 35 are denied.

36.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 36 are denied.

37.    Denied.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

38.    Defendant incorporates its responses to the allegations in paragraphs 1-38 of the complaint as if fully set forth herein.

39.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 39 are denied.

40.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 40 are denied.

41.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 41 are denied.

42.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

43.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 43 are denied.

44.     Denied.

### FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

45.     Defendant incorporates its responses to the allegations in paragraphs 1-45 of the complaint as if fully set forth herein.

46.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 46 are denied.

47.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 47 are denied.

48.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 48 are denied.

49.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

50.     This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 50 are denied.

51.     Denied.

## SIXTH CLAIM FOR RELIEF

### Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), 12(a))

52.    Defendant incorporates its responses to the allegations in paragraphs 1-52 of the complaint as if fully set forth herein.

53.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 53 are denied.

54.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 54 are denied.

55.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 55 are denied.

56.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 56 are denied.

57.    This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 57  are denied.

58.    Denied.

## SEVENTH CLAIM FOR RELIEF

### Fraud

59.    Defendant incorporates its responses to the allegations in paragraphs 1-59 of the complaint as if fully set forth herein.

60.    Denied.

61.     Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

62.    Denied.

7

63.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

64.    Denied.

### EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

65.    Defendant incorporates its responses to the allegations in paragraphs 1-65 of the complaint as if fully set forth herein.

66.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

71.    The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense

72.    Any transfers to the Defendant were not transfers of the Debtors' property.

### Third Affirmative Defense

73.    The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

8

### Fourth Affirmative Defense

74.     Any transfer made by the Debtors to the Defendant were made in exchange for reasonably equivalent value.

### Fifth Affirmative Defense

75.     The Debtors were solvent at all times relevant hereto.

### Sixth Affirmative Defense

76.     The Debtors were not made insolvent as a result of any transaction described herein.

### Seventh Affirmative Defense

77.     Any transfer described in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### Eighth Affirmative Defense

78.     The Defendant reserves the right to assert other defenses in this action and reserves the right to file an Amended Answer asserting additional affirmative defenses.

### Jury Trial Demand

79.     Defendant Demands a Jury Trial in this Action.

**WHEREFORE**, Defendant requests entry of judgment dismissing the Complaint with prejudice, that Defendant be reimbursed for its costs and attorneys' fees incurred in responding to the Complaint, and ask that the Court grant such other and further relief as may be just and proper.

Dated:  July 28, 2020
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Jason A. Gibson (DE 6091)
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Tel: (302) 777-1111
Email: gibson@teamrosner.com

and

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, 27th Floor
New York, NY  10178
Tel: (646) 517-5420 x101
Fax: (646) 861-4950
Email: joe@saracheklawfirm.com

*Counsel for the Defendant*

10